[Cite as *State v. Moore*, 2017-Ohio-4378.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-104** |
| VINCENT K. MOORE, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2016 CR 000352.

Judgment:  Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Anna C. Kelley*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH  44077 (For Plaintiff-Appellee).

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH  44094 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}     Appellant, Vincent K. Moore, Jr., appeals his conviction on one count of grand theft challenging the sufficiency of the evidence.  We affirm.

{¶2}     In July 2015, Bryan Blow owned a 2005 Ford F-350 truck.  After seeing another truck that he liked better, Bryan listed his truck for internet sale on Craigslist. Within a few weeks, appellant contacted Bryan about the truck, and the two men met at

a motorcycle dealership in Mentor, Ohio, so appellant and his friend could test-drive the truck. According to Bryan, when they first met, appellant introduced himself as "Jameer." Bryan identified appellant at trial.

{¶3} Eventually, Bryan agreed to sell the truck to appellant for $12,500. On August 6, 2015, the two men met again at the Mentor branch of Cardinal Community Credit Union to close the deal.

{¶4} Sometime before August 6, 2015, two separate loan applications were submitted with Cardinal Community for approval. The first application was submitted to the Richmond Heights branch with appellant listed as the loan applicant. This application was not approved due to insufficient income disclosure. The second application was submitted to the Mentor branch, listing appellant's brother, Jameel Moore, as the applicant. Attached to this application were documents showing that Jameel was currently working as a shift manager at a local PaPa John's restaurant. The documents also stated that Jameel had been employed by PaPa John's for three years, and earned $19,200 for the first seven months of 2015. This application was approved.

{¶5} The credit union, however, did not verify the income information until after the first loan payment was missed in September 2015. At that time, PaPa John's informed the credit union that Jameel was never an employee. PaPa John's further indicated that, although appellant previously worked at the restaurant, his employment ended in 2013.

{¶6} According to Bryan, only appellant met him at the Mentor branch on August 6, 2015. Yet, all of closing papers for the loan were executed in Jameel's name.

Furthermore, when the loan officer asked to see a driver's license for verification, he was given Jameel's license.

{¶7} Once the paper work for the loan was finished, Cardinal Community gave Bryan a check for $14,000. In turn, Bryan cashed the check, kept $12,500 and delivered the remaining $1,500 to appellant, along with the Ford truck. Title to the truck was transferred from Bryan to Jameel, even though the credit union retained the actual title as collateral on the loan.

{¶8} No payments were ever made on the loan. When the first payment was missed in September 2015, the loan was "flagged" by a credit advisor manager at the Mentor branch. After initially trying to contact Jameel directly, the manager contacted PaPa John's. Upon learning that the employment and income documents were fabricated, the manager compared Jameel's application with the application filed under appellant's name at the Richmond Heights branch, and saw that some of the general information provided in each application was quite similar, such as home address.

{¶9} Ultimately, the credit union contacted the Mentor City Police Department and informed them of the situation. As part of the ensuing investigation, a detective showed two photo lineups to Bryan and the loan officer who assisted in finalizing the loan on August 6, 2015. The first photo lineup included a picture of appellant, while the second lineup had Jameel's picture. In addition to identifying appellant as the man who executed the loan documents at the Mentor branch, neither Bryan nor the loan officer recognized Jameel.

{¶10} Appellant was indicted on one count of grand theft, two counts of forgery, and one count of identity fraud. Immediately prior to appellant's trial in July 2016, the

state dismissed the identity fraud charge and also filed a notice of complicity regarding the grand theft charge. The notice asserted that appellant either acted as the principal offender or in complicity by causing an innocent or irresponsible person to commit grand theft.

{¶11} After jury trial, appellant was found guilty on the three remaining charges. For purposes of sentencing, the trial court merged the two forgery counts into the grand theft charge. Following a sentencing hearing, the trial court ordered appellant to serve sixteen months in prison.

{¶12} Appellant raises one assignment of error for review:

{¶13} "The jury's finding of guilt and the defendant's subsequent conviction for Count One, Forgery, Count Two, Grand Theft, and Count Four, Forgery, are contrary to the manifest weight of the evidence; therefore, defendant's convictions for said counts should be overturned, and defendant should be remanded to the trial court for a new trial on Counts One, Two, and Four."

{¶14} Although the assignment itself is worded in terms of manifest weight, appellant's argument challenges the sufficiency of the state's evidence as to all three charges. He maintains that, in order for the state to satisfy every element of all three offenses, it was necessary for the state to prove that he was the person who submitted the loan application listing Jameel as the applicant. According to appellant, in the absence of direct testimony from Jameel denying that he submitted the application, the state's evidence is legally insufficient to prove that appellant was the person who put the false information in the application.

{¶15} Initially, the state correctly notes that, even though the jury found appellant

4

guilty of the two forgery counts, no sentence was imposed for those offenses because the trial court merged them into the grand theft charge. Since a conviction requires both a finding of guilty and an imposed sentence, appellant does not stand convicted of the forgery counts. *See State v. Macko*, 11th Dist. Lake No. 2016-L-022, 2017-Ohio-253, ¶27. Hence, appellant can only contest the sufficiency of his conviction for grand theft. *Id.*

{¶16} Grand theft under R.C. 2913.02(A)(3), prohibits a person from knowingly obtaining or exerting control over the property of the owner by deception, with the specific purpose of depriving the owner of the property. In the indictment, the state asserted that appellant used deception to obtain control over U.S. currency, i.e., $14,000, belonging to Cardinal Community Credit Union.

{¶17} The term "deception" is defined in R.C. 2913.01(A) as "knowingly deceiving another or causing another to be deceived by any false or misleading representation, * * *, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another * * *."

{¶18} Appellant contends the state failed to demonstrate intent to deceive absent proof that he submitted the approved loan application. Regardless of who submitted the application, evidence of appellant's involvement in closing the loan is sufficient to prove deception.

{¶19} The state introduced evidence that appellant participated in closing the loan at issue. During his trial testimony, Bryan identified appellant as the person he met at the Mentor branch to close their truck transaction. The loan officer who completed the loan documents was not specifically asked to identify appellant at trial. However,

5

the state presented evidence approximately three months after the incident, the loan officer identified appellant in a photo lineup. Moreover, neither the loan officer nor Bryan recognized Jameel as being involved.

**{¶20}** To this extent, the state's evidence is sufficient to establish that appellant employed deception to gain control and deprive Cardinal Community of $14,000.

**{¶21}** As a separate point, appellant argues that the state produced insufficient evidence it was his intent to deprive the credit union of its $14,000. During the entire period of the investigation, however, no payments were made on the underlying debt. Moreover, even though the credit union had appellant's and Jameel's home address, it was unable to locate the truck and repossess it until a few days before appellant's trial in July 2016. Additionally, the credit union's credit advisor manager testified that, when pursuing repossession, he found the truck listed on Craigslist for sale.

**{¶22}** "An appellate court reviewing the sufficiency of the evidence in a criminal matter examines the evidence admitted at trial and determines whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). 'On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.' *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997) (Cook, J., concurring). Whether the evidence is legally sufficient to sustain a verdict is a question of law that we review de novo. *Id.* at 386, 678 N.E.2d 541." *Macko*, 2017-Ohio-253, at ¶28.

**{¶23}** Even if Jameel submitted the loan application at the Mentor branch, the

6

evidence is sufficient evidence to satisfy appellant's grand theft conviction. A rational trier of fact could find that appellant employed deception to gain control and deprive the credit union of $14,000. Therefore, the trial court did not err.

{¶24} Appellant's sole assignment of error is without merit. The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.